**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

UNITED STATES OF AMERICA, )
)
Plaintiff, )
) No. CR 10-628-TUC-CKJ
vs. )
)
JONATHAN MICHAEL THOMAS, ) **ORDER**
)
Defendant. )
_____ )

Pending before the Court is the Motion for Judgment of Acquittal or, in the Alternative, for a New Trial (Doc. 138) filed by Jonathan Michael Thomas ("Thomas"). The government has filed a response. Oral argument was presented to the Court on September 12, 2011. The Court denied the motion and informed the parties that a written order would follow.

*Fed.R.Crim.P. 29 – Motion for Judgment of Acquittal*

Fed.R.CrimP. 29(c) (1) provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." A court is to view the evidence in the light most favorable to the prosecution and evaluate whether any rational juror could have concluded that the elements of the crimes were proved beyond a reasonable doubt. *See United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002). The government need not provide direct evidence of all elements of the crime; circumstantial evidence and reasonable inferences drawn therefrom can be sufficient to sustain a conviction. *United States v. Cordova Barajas*, 360 F.3d 1037 (9th Cir. 2004); *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1188 (9th Cir.1992). Moreover, in determining whether to grant a Rule 29 motion, the court "must bear in mind that 'it is the exclusive function of the jury to determine the credibility of witnesses,

resolve evidentiary conflicts and draw reasonable inferences from proven facts.'" *United States v. Dreitzler*, 577 F.2d 539, 545 (9th Cir. 1978), *quoting United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977).

*Credibility of BPA LeBlanc*

Thomas asserts that the testimony of BPA LeBlanc was not credible in that the agent did not testify that Thomas was "concerned" that the Hispanic male knew who he was and where he lived as set forth in the government's response to the Motion to Suppress. However, the Court agrees with the government's assertion that its summary of facts in the response was subject to the testimony that ultimately was presented.[1] The response did not purport to quote the agent and the agent was subject to cross-examination. *See generally, Goldberg v. United States*, 425 U.S. 94, 114, 96 S.Ct. 1338, 1350, 47 L.Ed.2d 603 (1976) (J. Stevens, concurring, joined by Stewart) (In discussing a prosecutor's notes, the concurring opinion stated, "The writings which are made by a lawyer when he is outlining his examination of a witness are of a much different character and are intended to serve a different purpose . . . For if a witness could testify, without fear of contradiction, that the words used by the prosecutor were not his own, the document would not impeach his testimony and could not properly be offered for that purpose . . . Fairness to the witness demands a much stricter test of approval before he may be confronted with assertedly prior inconsistent statements.").

*Voluntary, Willful Act or the Sharing of a Common Purpose*

Thomas asserts that there was insufficient evidence to prove beyond a reasonable doubt that he shared a common purpose or that he had knowledge of the scope of the overall conspiracy. Thomas argues that this is supported by BPA LeBlanc's statement that Thomas

---

[1]Indeed, had the response indicated that Thomas told BPA LeBlanc that he and the Hispanic male had conspired to possess marijuana with the intent to distribute it, such "summary" would not have meant anything until evidence was presented to see if the agent so testified.

told him that he was concerned that the Hispanic male knew who he was and where he lived and that BPA LeBlanc's contradictory testimony not only conflicted with this statement, but also BPA LeBlanc's testimony at the evidentiary hearing. However, BPA LeBlanc was subject to cross-examination as to this issue and the Court finds there was sufficient evidence presented to support the verdict.

Viewing the trial evidence in a light most favorable to the prosecution, the Court finds that a rational trier of fact could have concluded that the elements of the crime were proved beyond a reasonable doubt.

*Fed.R.Crim.P. 33 – Motion for New Trial*

Fed.R.Crim.P. 33 allows the Court to order a new trial "if the interest of justice so requires." Although a court's power to grant a motion for a new trial is "much broader than its power to grant a motion for judgment of acquittal," it may not grant the motion unless it finds that "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict" such that "a serious miscarriage of justice may have occurred." *United States v. Alston*, 974 F.2d 1206, 1211-12 (9th Cir. 1992). Moreover, the "burden of justifying a new trial rests with the defendant." *United States v. Saya*, 101 F.Supp.2d 1304, 1307 (D.Haw. 1999), *citing United States v. Shaffer*, 789 F.2d 682, 687 (9th Cir. 1986). However, the government bears the burden of proving that any constitutional errors are harmless beyond a reasonable doubt. *United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989).

*Impeachment with Misdemeanor Conviction*

This Court initially ruled, following the filing of a motion in limine by Thomas, that the government was precluded from introducing evidence of Thomas' prior alien smuggling conviction. However, during direct examination, Thomas testified that, when asked by the Hispanic male if he would be willing to transport illegal aliens to Phoenix, Thomas told him that "I don't do that." The Court determined that Thomas had opened the door and permitted

the government to impeach Thomas with the prior misdemeanor conviction.[2]

Thomas argues that his statements did not mislead the jury because he did not contest that he agreed to give a ride to aliens on February 28, 2010, nor did he testify that he has always obeyed the law. The Court disagrees with Thomas' conclusion. Although a jury may have interpreted the statement as argued by Thomas, a jury may also have interpreted the statement as a disavowal to ever transport illegal aliens. Therefore, Thomas' statement was misleading. Permitting the impeachment was appropriate. *United States v. Weicks*, 362 Fed.Appx. 844, 850 (9th Cir. 2010) (unpub.) ((impeachment through use of arrest appropriate when defendant testified he did not possess a gun and portrayed himself as someone who avoids firearms); *United States v. Antonakeas*, 255 F.3d 714, 724 (9th Cir. 2001) (impeachment through use of arrest appropriate when defendant testified he was not involved with drugs); *United States v. Castillo*, 181 F.3d 1129, 1132-34 (9th Cir. 1999) (impeachment by contradiction is considered under Fed.R.Evid. 607; "the concept of impeachment by contradiction permits courts to admit extrinsic evidence that specific testimony is false, because contradicted by other evidence[;]" distinguishing whether testimony was presented during direct or cross examination); *see also* 2A Charles A. Wright & Victor J. Gold, Federal Practice and Procedure, § 6119 at 116-17 (1993).

Furthermore, the Court disagrees with Thomas' assertion that the evidence should have

---

[2]Although the Court stated that the inquiry was not based on Fed.R.Evid. 609, the Court quoted the Advisory Committee Notes to that rule that state: "Furthermore, the committee intends that notwithstanding this rule, a defendant's misrepresentation regarding the existence or nature of prior convictions may be met by rebuttal evidence, including the record of such prior convictions. Similarly, such records may be offered to rebut representations made by the defendant regarding his attitude toward or willingness to commit a general category of offense, although denials or other representations by the defendant regarding the specific conduct which forms the basis of the charge against him shall not make prior convictions admissible to rebut such statement. In regard to either type of representation, of course, prior convictions may be offered in rebuttal only if the defendant's statement is made in response to defense counsel's questions or is made gratuitously in the course of cross-examination. Prior convictions may not be offered as rebuttal evidence if the prosecution has sought to circumvent the purpose of this rule by asking questions which elicit such representations from the defendant."

been precluded because of its prejudicial impact.  "Of course, all relevant evidence is prejudicial; Rule 403 is concerned only with limiting 'unfair' prejudice."  *United States v. Simpson*, 910 F.2d 154, 158 (4th Cir. 1990).  Indeed,

> [r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403.  Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing.  Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

*United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *see also United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001) ("All evidence introduced against a criminal defendant might be said to be prejudicial if it tends to prove the prosecution's case.").  Unfair prejudice "mean an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Fed.R.Evid. 403, Adv. Comm. Notes.  The evidence contradicted a false impression left by Thomas' direct testimony and any unfair prejudice cannot be said to have outweighed the probative quality of the evidence.  *See* Fed.R.Evid. 403.

Thomas also asserts that the Court erred in not instructing the jury regarding the limited use of the evidence of the prior conviction.  *See e.g.,* Ninth Circuit Model Criminal Jury Instruction 4.6.  However, as cited in the comment to the Ninth Circuit Model Criminal Jury Instruction 4.6, the Ninth Circuit stated in *United States v. Multi-Management, Inc.*, 743 F.2d 1359, 1364 (9th Cir.1984), "[i]t is well-settled that where no limiting instruction is requested concerning evidence of other criminal acts, the failure of the trial court to give such an instruction *sua sponte* is not reversible error."  Thomas has not provided any authority to support a conclusion that, because a juror asked about the prior conviction in a note to the Court during deliberations, *see* Doc. 130, the well-settled standard should not be applied in this case.  A new trial is not warranted on this basis.

*Delay of Trial*

Thomas asserts that the passage of time affected the memories of the witnesses and,

therefore, the interests of justice warrant a new trial.  However, the ability of the witnesses to recall the events and the sufficiency of the documentation of the events was subject to cross-examination.  The Court finds the interests of justice do not warrant a new trial on this basis.

*Misconduct by the Government*

Thomas asserts the government engaged in prosecutorial misconduct by suggesting Thomas's defense of duress was a recent fabrication.  However, "'[i]t is not misconduct for the prosecutor to argue reasonable inferences based on the record.'" *United States v. Cabrera*, 201 F3d 1243, 1250 (9th Cir. 2000), *quoting United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir.1996); *see also United States v. Nelson*, 419 F.2d 1237, 1239 (9th Cir.1969) ("For at least a third of a century, this court has rejected the notion that it is improper to infer a fact issue from other facts which have been established by circumstantial evidence").  Evidence was presented that Thomas had not told either law enforcement or his significant other that the Hispanic male had threatened him.  The Court agrees with the government that the prosecutor was not commenting on Thomas' silence, but on his inability to establish a duress defense.  The Court finds a new trial on this basis is not warranted.

Accordingly, IT IS ORDERED the Motion for Judgment of Acquittal or, in he Alternative, for a New Trial (Doc. 138) is DENIED.

DATED this 15th day of September, 2011.

_____
Cindy K. Jorgenson
United States District Judge

- 6 -